# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| KEITH GRANADO, et al., individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>QUALITY ENERGY SERVICES, INC. d/b/a QES QUALITY ENERGY SERVICES, INC.,<br><br>*Defendant.* | Civil Action No.  SA-15-CV-1061-XR |

## ORDER

On this date, the Court considered the parties' Joint Motion to Transfer Venue, filed February 17, 2016 (docket no. 9).  After careful consideration, the Court will GRANT the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Keith Granado, Michael Carr, Melvin Locke, Gabriel Granado, Jr., and Doyle Rice ("Plaintiffs") filed this suit on December 2, 2015, against Defendant Quality Energy Services, Inc. ("Quality Energy") alleging violations of the Fair Labor Standards Act ("FLSA").  Docket no. 1 at 1.  The suit is a proposed collective action and the potential class includes "[a]ll current and former individuals who worked as Flowback Operators for Defendant for the past three years who were not paid at the rate of at least one-and-one-half of their regular rates of pay for all hours worked in excess of forty (40) hours in a workweek." *Id.* at 8.

1

On February 17, 2016, the parties filed a Joint Motion to Transfer Case. Docket no. 9. The motion requests that this action be transferred to the United States District Court for the Western District of Louisiana, Lafayette Division, as there is a related pending case there: *Jonathan J. Comeaux, Jr., individually and on behalf of all others similarly situated v. Quality Energy Services, Inc.*, Civ. Ac. No. 6:15-CV-02510-RTH-PJH. *Id.* at 1.

## DISCUSSION

As the parties point out, the Fifth Circuit has adopted a first-to-file approach when separate actions are filed in different district courts. *Igloo Prods. Corp. v. The Mounties, Inc.*, 735 F. Supp. 214, 217 (S.D. Tex. 1990) ("Courts in the Fifth Circuit generally follow a 'first-filed rule' in deciding which Court should maintain jurisdiction over claims that arise out of the same subject matter but are pressed in different suits."). In such instances, the principle of comity requires federal district courts to exercise care to avoid interferences with each other's affairs. *W. Gulf Maritime Assn. v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985). As between federal district courts, the general principle is to avoid duplicative litigation, and the concern is to avoid the waste of duplication, to avoid rulings that may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result. *Id.* Typically if the two cases overlap on the substantive issues, they should be consolidated in the jurisdiction first seized of the issues. *Sutter Corp. v. P & P Industrs., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997).

Application of the first-filed rule is discretionary. *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (citing *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 183–84 (1952)). In applying the first-to-file rule, this Court must resolve two

issues: (1) are the two pending actions so duplicative or do they involve substantially similar issues such that one court should decide the subject matter of both actions; and (2) which of the two courts should take the case. *Tex. Instruments v. Micron Semiconductor*, 815 F. Supp. 994, 997 (E.D. Tex. 1993); *see also International Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011) (explaining that the rule does not require identical cases, crucial inquiry is one of "substantial overlap"). Generally, "once the likelihood of substantial overlap between the two suits has been demonstrated," the correct course of action is for the second-filed court to transfer the case to the first-filed court. *Cadle*, 174 F.3d at 606.

As to the first factor, the Court finds that the two pending cases are duplicative, or at the very least, "involve substantially similar issues such that one court should decide the subject matter of both actions." *See Tex. Instruments*, 815 F. Supp. at 997. In the case pending before this Court, Plaintiffs have labeled the potential class as "Flowback Operators" and allege that they were paid a "salary plus a daily bonus" but no overtime compensation. Docket no. 1 at 7. In the case pending in the Western District of Louisiana, the plaintiff alleges that he was an "[o]perator performing technical and manual laborer job duties for flowback and pressure control jobs" and that Quality Energy paid him and other similar situated employees improperly via a "salary plus a job bonus or 'day rate.'" Docket no. 9-1 at 3. The Louisiana plaintiff seeks to certify a collective action class that consists of "'[a]ll operators employed by Quality Energy Services, Inc. in the past 3 years who were paid a salary and job bonus.'" *Id.* at 2.

Such a class would presumably cover all potential members of the class proposed in the case before this Court. Additionally, in both cases, the plaintiffs allege that the actions of

Quality Energy violated the FLSA and that Quality Energy committed the violations intentionally and without good faith. *Id.* at 4. Thus, it is apparent from the complaints that these two cases substantially overlap such that they should be decided in one court to avoid inconsistent outcomes and to preserve judicial resources. Moreover, as the parties point out in their joint motion, district courts "have routinely applied the first-filed rule in the face of similar dual collective actions." *Id.* (citing *White v. Peco Foods, Inc.*, 546 F.Supp. 2d 339 (S.D. Miss. 2008); *Tillery v. Higman Barge Lines, Inc.*, 2014 WL 1689942 (S.D. Tex. April 29, 2014); *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686 (E.D. Tenn. 2005)).

As to the second factor, given that this motion was filed jointly, the Court sees no reason to depart from the Fifth Circuit's proscribed course of action, which is for the second-filed court to transfer the case to the first-filed court. *See Cadle*, 174 F.3d at 606. Thus, the Court concludes that this action should be transferred to the United States District Court for the Western District of Louisiana, Lafayette Division. However, the Court declines to order consolidation of the two cases at this time, as the Fifth Circuit has made clear that it is up to the second-filed court to determine if the transferred suit should be dismissed or consolidated. *Id.*

## CONCLUSION

Accordingly, the parties' Joint Motion to Transfer Case (docket no. 9) is GRANTED. It is further ORDERED that this action is TRANSFERRED to the United States District Court for the Western District of Louisiana, Lafayette Division.

It is so ORDERED.

SIGNED this 18th day of February, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE